UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DERRICK D'KEITH AKINS**                                                    **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO. 3:17-CV-P17-TBR**

**WILLIAM MICHAEL CORRIGAN**                                                 **DEFENDANT**

### MEMORANDUM OPINION

This is a civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Derrick D'Keith Akins leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF COMPLAINT

Plaintiff brings this action against his "appointed counsel," William Michael Corrigan, in his individual capacity. Plaintiff alleges that his "constitutional right to have fair and proper counsel" has been violated by Defendant Corrigan's refusal to work on Plaintiff's behalf. Plaintiff alleges that he told Defendant Corrigan that the lead detective in his case had presented false information to obtain an arrest warrant and provided the grand jury with false information to obtain an indictment against him. Plaintiff states that Defendant Corrigan told him that "this information had no [validity]." Plaintiff further states that Defendant Corrigan told him in "open court" that he would not "adopt any and all future motions regardless of their merit." Finally, Plaintiff alleges that Defendant Corrigan told him "to just take the plea deal being offered," and that if Plaintiff was unhappy, he should "file for conflict of counsel."

As relief, Plaintiff seeks compensatory and punitive damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its

legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

The essential elements of a claim under 42 U.S.C. § 1983 are that the conduct complained of: (1) was committed by a person acting under color of state law and (2) deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). To be a "state actor," a party's actions must be "'fairly attributable to the state.'" *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Attorneys representing clients in criminal actions do not act under color of law for § 1983 purposes, even where such attorneys are appointed by the government to represent the criminal defendant. *Polk Cty. v. Dodson*, 454 U.S. 312 (1981). Thus, Defendant Corrigan was not acting under color of state law in acting as Plaintiff's attorney. Accordingly, Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the instant action by separate Order.

Date:


cc: Plaintiff, *pro se*
 Defendant
4413.011

3